# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DONALD STEELE

NO. 2024 KW 0507

**SEPTEMBER 26, 2024**

---

In Re:     State of Louisiana, applying for supervisory writs, 19th
           Judicial District Court, Parish of East Baton Rouge, No.
           DC-22-04120.

---

**BEFORE:   WOLFE, MILLER, AND GREENE, JJ.**

   **WRIT GRANTED.** The trial court had the authority to entertain a motion for a post verdict judgment of acquittal. See La. Code Crim. P. arts. 821 and 820 (which makes "[a]ll provisions of [Chapter 4 (Arts. 809-830)] regulating the responsiveness and effect of verdicts [applicable] to cases tried without a jury"). A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in the light most favorable to the State, does not reasonably permit a finding of guilty. La. Code Crim. P. art. 821(B). After the trial court entered the acquittal, the State had the authority to seek writs. See La. Code Crim. P. art. 821(D). We now conclude the trial court abused its discretion in granting the judgment of acquittal. Article 821(A) provides that "[t]he defendant may move for a post verdict judgment of acquittal following the verdict." Neither the writ application nor the defendant's brief in opposition contain evidence of such a motion. Further, La. Code Crim. P. art. 778 authorizes the trial court to enter a judgment of acquittal on an offense charged, on its own motion, after the close of the evidence, if the evidence is insufficient to sustain a conviction. Here, however, the trial court did not enter a judgment of acquittal on an offense charged after the close of the evidence. The trial court found the defendant guilty of La. R.S. 14:134, then later, on a subsequent court date, decided to change the guilty verdict to not guilty. Accordingly, the April 18, 2024 ruling is reversed, the conviction of count II is reinstated, and this matter is remanded for further proceedings.

                                   **EW**
                                   **SMM**
                                   **HG**


COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
      FOR THE COURT